JAMES M. GARLICK, *et al.*,
*vs.*
ERIC M'ARTHUR, *et al.*  } In Equity.

APPEAL IN EQUITY FROM THE WINNEBAGO CIRCUIT COURT.

Courts of equity have power to prevent the use of a judgment at law contrary to equity.

New matter, set up in the answer by way of avoidance, must be proved.

This was a bill for an injunction against the collection of a judgment at law, brought by one of several judgment debtors, on the ground of collusion between the assignee of the judgment and another of the judgment debtors by whom the judgment had been paid under an agreement on his part to do so, and on being indemnified by his co-defendants therefor, with the fraudulent intent to collect the same from the complainant.

The material facts exhibited in the case are stated at large in the opinion of the court.

*Bashford and Bush*, for complainants.

The charge in the answer, that the notes turned out by Garlick to McArthur are worthless, is matter in avoidance, and should be proved. 2 John. Chy., 88 ; 2 Wis., 455.

The court has power to prevent the use of this judgment contrary to equity. 7 John. Chy., 182 ; 1 Story's Com., 27 ; 2 Id. 173 ; Lead. Cas. Eq., Vol. 2. p. 84.

———————————————, for respondents, cited 2 Wis., 552 ; 1 Story's Eq.. 190 ; 2 Wis., 443 ; Mit. Pl., 129.

*By the Court*, SMITH, J. It appears from the pleadings and proofs in this case, that in the year 1850, James M. Garlick, Eric McArthur and John Nobles formed a copartnership in the lumbering business, and incurred debts therein; that in 1851, a judgment was rendered on confession against the firm for some $120, in favor of Ebenezer J. Mallory, upon a note made to Joseph U. Mallory, or bearer; and in December, 1851, a transcript of said judgment was filed in the office of the circuit court of Winnebago county; that there had been paid on said judgment, some $87, at least. It further appears that in January, 1855, Garlick delivered to McArthur, some $777, in amount of promissory notes, sheriff's certificates, and other securities belonging to said firm, and took a bond from McArthur, in the penalty of $1000, conditioned that he should collect the demands and securities, and apply the proceeds thereof to the payment of the company's debts, first discharging the judgments. It further appears that on a settlement, or at least a partial settlement, between the partners, a credit of something over one hundred dollars was allowed McArthur for monies paid on judgments against the firm. The judgment in favor of Mallory was assigned to McLane, and he sued out execution, and directed the sheriff to levy upon the real estate or chattels real, (it is difficult to determine which) of Garlick; while at the same time, McArthur had real estate known to McLane, on which the judgment was a lien. It seems from all the circumstances in proof in the case, that McArthur was equitably bound to pay the judgment which is the subject matter of this suit. He had received the means wherewith to pay it, and had given his bond so to apply them. He claimed and received a credit on settlement of $138, for moneys applied by him, as he said, on judgments; and none appears to the amount claimed without including this.

It is claimed by the complainants that the assignment to McLane was fraudulent, and for the purpose of enabling McArthur to collect the judgment out of the property of Garlick. But it is not necessary to determine that question, though it must be confessed that there are some circumstances

which look that way.    It is sufficient that McArthur is equitably bound to pay the judgment out of the means in his hands, or account for his default in this behalf.    McLane was and is aware of these equitable relations, and is bound to regard them, as far as practicable.    It is practicable for McLane to enforce the collection of the balance of the judgment unpaid, if any there be, out of the property of McArthur, and a court of equity, has the power to prevent the use of a judgment at law contrary to equity.    7 Johns. Ch., R., 182; 1 Story's Eq. Juris., § 845, et seq. ; 2 White & Tudor's cases, part 2, 84.

It is true that McArthur, in his answer, says that the notes and certificates which he received were worthless.    This is, however, matter in avoidance, and he has produced no proof of the fact.    But it is proved that on the settlement of the partnership affairs, he claimed and was allowed 138 dollars, which he claimed to have paid on this judgment and another.    As the pleadings and proofs appear, we have no doubt that if McLane seeks satisfaction of his judgment, he must first exhaust the property of McArthur.    As this is admitted to be sufficient, and subject to the lien of the judgment, we see no reason why the injunction should not be perpetual.    If, however, there be any doubts of that fact, the decree may be modified accordingly.

Decree of the court below reversed, and cause remanded for further proceedings, according to law.